UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 12-00537 CW (DMR) |
| Plaintiff, | ) | |
| v. | ) | DETENTION ORDER |
| JEFFREY JAMES MORTON, | ) | |
| Defendant. | ) | |

## I. BACKGROUND AND INTRODUCTION

Defendant Jeffrey James Morton is charged in a three-count indictment with violations of 18 U.S.C. § 2113(a) (bank robbery). Mr. Morton made his initial appearance on July 12, 2012. At that time, the United States moved for his detention pursuant to the Bail Reform Act and asked for a hearing as permitted by 18 U.S.C. § 3142(f). Pretrial Services prepared a full bail study, which recommended Mr. Morton's detention based on its belief that the court could not impose a combination of release conditions to reasonably mitigate the risk of non-appearance as well as the risk of danger to the community. The court held a detention hearing on July 17, 2012.

Having considered the parties' proffers, the bail study, and the factors set forth in 18 U.S.C. § 3142(g), the court finds clear and convincing evidence that Mr. Morton presents a danger to the community, and that no condition or combination of conditions in 18 U.S.C. § 3142(c) will reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142(e) and (f);

DETENTION ORDER
CR 12-00537 CW (DMR)                    1

*United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## II. LEGAL ANALYSIS

The Bail Reform Act requires that in a pretrial posture, the government bears the burden of proving that a defendant poses a risk of flight and/or a danger to the community that cannot be mitigated through the imposition of conditions of release. If the government does not meet its burden, the Court's duty is to fashion appropriate conditions that permit the defendant to remain out of custody during the preparation of his or her defense, while safeguarding against flight or community danger. Close cases should result in release "[t]o give effect to the principle that doubts regarding the propriety of release be resolved in favor of the defendant." *United States v. Chen*, 820 F. Supp. 1205, 1208 (N.D. Cal. 1992) (Walker, J.) (citing *United States v. Motamedi*, 767 F.2d 1403, 1405-06 (9th Cir. 1985)).

A person facing trial generally shall be released if some "condition, or combination of conditions . . . [can] reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c). In non-capital cases, the court should deny pretrial release "only in rare circumstances." *Motamedi*, 767 F.2d 1403 at 1405 (citations omitted); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) (upholding constitutionality of Bail Reform Act) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception.").

The court must order a defendant detained if it finds that it cannot fashion conditions to assure the defendant's appearance in court or the safety of the community or another person. 18 U.S.C. § 3142(e)(1). The government bears the burden of proof on either prong. To prove that no condition or combination of conditions can assure that the accused will appear at required court hearings, the government must show by a preponderance of the evidence that the accused is a flight risk. *United States v. Aitken*, 898 F.2d 104, 107 (9th Cir. 1990) (citing *Motamedi*, 767 F.2d at 1406). The government must prove that the defendant poses a non-mitigable danger to the community through clear and convincing evidence. *Id.* (citing *Motamedi*, 767 F.2d at 1406).

For certain charged offenses, including drug crimes with a maximum prison term of at least ten years, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or

DETENTION ORDER
CR 12-00537 CW (DMR)                           2

combination of conditions will reasonably assure the appearance of the person . . . and the safety of the community." 18 U.S.C. § 3142(e)(3). The presumption shifts a burden of production to a defendant, but the burden of persuasion remains with the government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption is not erased when a defendant proffers rebutting evidence; "rather, the presumption 'remains in the case as an evidentiary finding militating against release, to be weighed along with'" the other relevant evidence. *Id.* (citation omitted).

Bail hearings generally proceed by proffer, and the rules of evidence do not apply. 18 U.S.C. § 3142(f)(2). At the hearing, the court determines whether any conditions in section 3142(c) will reasonably assure the defendant's appearance and the safety of the community or another person. *Id.* The Bail Reform Act "mandates release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required." *Motamedi*, 767 F.2d at 1405 (citations omitted).

In evaluating whether pretrial release is appropriate, a court must consider (1) the nature and circumstances of the offense, (2) the weight of the evidence, (3) the history and characteristics of the person (including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, or record concerning appearance at court proceedings), and (4) the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g); *Motamedi*, 767 F.2d at 1407.

**A. The Nature and Circumstances of the Offense and Weight of the Evidence**

Mr. Morton is charged with three bank robberies that took place in Spring 2012. He is suspected of committing three additional bank robberies, one of which took place within the Northern District of California; the government currently is determining whether it will bring additional charges against Mr. Morton.

**B. The History and Characteristics of Defendant and the Nature and Seriousness of the Danger to Any Person or the Community**

Mr. Morton is twenty-two years old and has lived in Oakland, Stockton and Merced,

California. He reports that he has lived with his mother and cousin in Oakland since 2008. He completed the ninth grade. He is unemployed, and has previously performed some cleaning and yard work.

Mr. Morton sustained a juvenile adjudication for carjacking in 2006, and was sent to a group home. He absconded after four months. Between 2008 and 2012, he sustained four felony and two misdemeanor convictions. The felonies included possession of a loaded firearm, second degree robbery and attempted robbery, and grand theft from a person. In addition, his probation was revoked on at least three occasions. In one of those instances, the revocation transpired in lieu of filing a charge of contempt for disobeying a court order.

The court finds that the government has met its burden of establishing by clear and convincing evidence that Mr. Morton presents a risk of danger to the community that the court cannot mitigate through the imposition of reasonable conditions. Specifically, the court notes Mr. Morton's significant criminal convictions and arrests, his history of probation revocations including one for contempt of court, and the issuance of two bench warrants.

The court therefore detains Mr. Morton. He shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: July 17, 2012

DONNA M. RYU
United States Magistrate Judge

DETENTION ORDER
CR 12-00537 CW (DMR)                     4